**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION**

CLINTON V. JACKSON,

    Petitioner,

v.

DOUG WILLIAMS,

    Respondent.

CIVIL ACTION NO.: 6:16-cv-25

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Clinton V. Jackson ("Jackson" or "Petitioner"), who is currently housed at Smith State Prison in Glenville, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 contesting his convictions obtained in the Clarke County Superior Court. (Doc. 1.) Jackson also filed a Motion to Proceed *In Forma Pauperis* contemporaneously with his Petition. I have reviewed the Petition pursuant to Rule 4 of the Rules Governing Section 2254 cases. For the reasons set forth below, it plainly appears from the face of the Petition that Jackson is not entitled to relief in this Court. Therefore, the Court **DENIES** Jackson's Motion to Proceed *In Forma Pauperis* (doc. 2). Additionally, I **RECOMMEND** that the Court **DISMISS** Jackson's Petition without prejudice and **CLOSE** this case. I further **RECOMMEND** that the Court **DENY** Jackson a certificate of appealability and leave to proceed *in forma pauperis* on appeal.[1]

---

[1] All applications for writs of habeas corpus filed by persons in state custody, including those filed under 28 U.S.C. § 2254, are governed by 28 U.S.C. § 2241. Medberry v. Crosby, 351 F.2d 1049, 1062 (11th Cir. 2003). For a person who is "in custody under the judgment and sentence of a [s]tate court", Section 2241(d) specifies the "respective jurisdictions" where a Section 2254 petition may be heard. Under

## BACKGROUND

Jackson was charged in the Athens-Clarke County Superior Court of armed robbery, aggravated assault, burglary, possession of a firearm during the commission of a felony, and possession of a firearm by a felon. (Doc. 1, p. 1.) On January 7, 2014, he pleaded guilty to at least some of these charges, though his Petition does not specify which. Id. The Superior Court imposed a sentence which Jackson describes as "40 [years] to do 15 [years]." Id. In his Petition he lists eight grounds for attacking this sentence. Jackson raises four claims of ineffective assistance of counsel, one claim of the fruit of the poisonous tree doctrine, one claim of the doctrine of double jeopardy, one claim of willful misconduct by the judge, and one claim of "violation of statutory fundamental fairness." (Id. at pp. 8–10.)

Jackson admits throughout his Petition that he never raised these arguments in any court before filing this Petition. The form which he used to file his Petition directly asked him whether he appealed his sentence and conviction, and Jackson indicated that he did not by leaving this portion of the form blank. (Id. at p. 2.) The form also asked Jackson if, other than a direct appeal, he ever filed any petitions, applications, or motions with respect to his conviction in any federal or state court. Id. Jackson directly answered that he had not. Id. Later in his Petition,

---

Section 2241(d), a person in custody under the judgment of a state court may file his Section 2254 petition in the federal district (1) "within which the [s]tate court was held which convicted and sentenced him"; or (2) "wherein [he] is in custody." 28 U.S.C. § 2241(d); see also Eagle v. Linahan, 279 F.3d 926, 933 n.9 (11th Cir. 2001). Therefore, the Court may, "in the exercise of its discretion and in furtherance of justice", transfer an application for writ of habeas corpus to "the district court for the district within which the State court was held which convicted" a Section 2254 petitioner. 28 U.S.C. § 2241(d). To that end, the federal courts of this State maintain a "longstanding practice" of transferring habeas petitions "to the district of conviction." Isaac v. Brown, No. CV 4:10-071, 2010 WL 2636045, at *1 (S.D. Ga. May 24, 2010), *report and recommendation adopted*, No. CV 4:10-071, 2010 WL 2636059 (S.D. Ga. June 29, 2010) (citing Eagle, 279 F.3d at 933 n.9); see also Order, Hewitt v. Allen, No. 3:14-cv-27 (M.D. Ga. Mar. 26, 2014), ECF No. 4 ("Adherence to this policy results in each district court considering habeas actions arising within the district and in an equitable distribution of habeas cases among the districts of this state."). However, in this case, given the patent deficiencies in Jackson's Petition, the more prudent and judicially efficient approach is to dismiss rather than transfer the Petition.

Jackson states "none of grounds 1–8 were presented before any other court." (Id. at p. 11.) He states that he did not previously raise these grounds because the law was "abstruse" to him. Id.

## DISCUSSION

Jackson bring this action under 28 U.S.C. § 2254. Pursuant to Rule 4 of the Rules governing Section 2254 petitions:

> The clerk must promptly forward the petition to a judge . . ., and the judge must promptly examine [the petition]. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The requisite review of Jackson's Petition raises several doctrines of law which require the dismissal of the Petition.

### I. Dismissal for Failure to Exhaust State Remedies and/or Procedural Default

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). The United States Supreme Court has held that "a state prisoner must present his claims to a state supreme court in a petition for discretionary review in order to satisfy the exhaustion requirement" when discretionary review "is part of the ordinary appellate review process in the State." O'Sullivan v. Boerckel, 526 U.S. 838, 839–40, 847 (1999). Therefore, in

order to exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Id. at 845. This exhaustion requirement also extends to a state's collateral review process. Gary v. Ga. Diagnostic Prison, 686 F.3d 1261, 1274 (11th Cir. 2012); Pope v. Rich, 358 F.3d 852, 854 (11th Cir. 2004). Failure to exhaust all claims or to demonstrate that exhaustion is futile prior to bringing a Section 2254 petition requires that the petition be dismissed. See Nelson v. Schofeld, 371 F.3d 768, 771 (11th Cir. 2004), *superseded by rule on other grounds as recognized in* Hills v. Washington, 441 F.3d 1374 (11th Cir. 2006).

While a state prisoner's failure to exhaust his remedies in state court ordinarily will result in the automatic dismissal of his federal habeas petition, this is not always true. See 28 U.S.C. §§ 2254(b) & (c). First, a court may deny a petition on the merits without requiring exhaustion "if it is perfectly clear that the applicant does not raise a colorable federal claim." Granberry v. Greer, 481 U.S. 129, 135 (1987); 28 U.S.C. § 2254(b)(2). The State may also explicitly waive the exhaustion requirement. Hills, 441 F.3d at 1376. Finally, a court should not require exhaustion if it has been shown that "there is an absence of available State corrective process," or that "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). The exhaustion requirement should not be applied "if the state court has unreasonably or without explanation failed to address petitions for relief." Hollis v. Davis, 941 F.2d 1471, 1475 (11th Cir. 1991).

Jackson has not shown that this Court should entertain his federal petition. Jackson candidly admits that he never raised the grounds mentioned in this Petition before any state court. He never filed a direct appeal or a state habeas petition asserting the arguments he now attempts to assert in this Court. Thus, the state courts have not had one full opportunity to

4

address his claims. Moreover, Respondent has not waived the exhaustion requirement, and there is no allegation that the State of Georgia lacks an available corrective process. Thus, the Petition makes it abundantly clear that Jackson failed to exhaust his state law remedies that were available to him before bringing this action.

It may be that Jackson can no longer seek any review in the state courts because the time for pursuing his state law remedies has now passed. Because exhaustion in the habeas context refers only to remedies still available at the time of the federal petition, this requirement is satisfied even if "it is clear that [the habeas petitioner's] claims are now procedurally barred under [state] law[.]" Gray v. Netherland, 518 U.S. 152, 162 (1996) (quoting Castille v. Peoples, 489 U.S. 346, 351 (1989)). However, as the United States Supreme Court has explained, "the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default." See Gray v. Netherland, 518 U.S. 152, 162 (1996). An issue that was not presented to the state court and which can no longer be litigated under state procedural rules is considered procedurally defaulted, i.e., procedurally barred from federal review. O'Sullivan v. Boerckel, 526 U.S. 838, 847–48 (1999). In other words, even if Petitioner's state law remedies were no longer available at the time he filed this Petition, his admitted failure to even avail himself of those remedies and raise the arguments he now attempts to bring before this Court, renders his claims procedurally defaulted.

Additionally, Jackson does not provide excusable cause for his failure to bring a direct appeal or state habeas proceeding. Rather, he only offers his ignorance of the law for his failure to previously raise his eight claims of relief. However, to overcome a procedural default such that the federal habeas court may consider the merits of a claim, a petitioner must show cause and prejudice or a fundamental miscarriage of justice. Tower v. Phillips, 7 F.3d 206, 210 (11th Cir. 1993). "For cause to exist, an external impediment, whether it be governmental interference or the reasonable unavailability of the factual basis for the claim, must have prevented petitioner from raising the claim." McCleskey v. Zant, 499 U.S. 467, 497 (1991) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)). Generally, ignorance of the law and of available procedures is not enough to establish cause. Harmon v. Barton, 894 F.2d 1268 (11th Cir.1990) (ignorance of the law fails to establish cause for a procedural default); Toole v. McDonough, 379 F. App'x 883, 885 n.5 (11th Cir. 2010) (rejecting petitioner's contention that his *pro se* status and lack of legal knowledge constituted an external impediment justifying his failure to exhaust his claim).

## II. Dismissal for Untimeliness

To determine whether Jackson's petition was filed in a timely manner, the Court must look to the applicable statute of limitations periods. A prisoner must file a petition for writ of habeas corpus in federal court within one (1) year. 28 U.S.C. § 2244(d)(1). This statute of limitations period shall run from the latest of four possible dates:

> (A) the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of time for seeking such review;
>
> (B) the date on which the impediment to filing an application by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the

Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Jackson's convictions became final at the time of his completion of the direct review process or when the time for seeking such review became final. 28 U.S.C. § 2244(d)(1)(A); Coates v. Byrd, 211 F.3d 1225, 1226 (11th Cir. 2000). Jackson was convicted in the Athens-Clarke County Superior Court on January 7, 2014. (Doc. 1, p. 1.) Pursuant to O.C.G.A. § 5-6-38, Jackson had a period of thirty days following that conviction in which to file a timely notice of appeal. Jackson did not appeal. Accordingly, convictions became final on February 6, 2014.[2] Thus, he had until February 6, 2015 to file his Section 2254 Petition. 28 U.S.C. § 2244(d)(1). However, he did not sign his Petition until over a year later on February 25, 2016.

Thus, Jackson's Petition could only be timely filed if the deadline for filing was tolled. The applicable statute of limitations is tolled during "[t]he time . . . which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. §2244(d)(2) (emphasis supplied); Taylor v. Williams, 528 F.3d 847, 849 (11th Cir. 2008). "[A]n application is pending as long as the ordinary state collateral review process is in continuance–i.e., until the completion of that process. In other words, until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains pending." Carey v. Saffold, 536 U.S. 214, 219–20 (2002) (internal citations omitted). A petitioner should be mindful that "once a deadline has expired,

---

[2] In computing time expressed in days, the last day of that time period is included. If the last day is a Saturday, Sunday, or legal holiday, the time period "continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(C).

7

there is nothing left to toll. A state court filing after the federal habeas deadline does not revive" the statute of limitations period applicable to Section 2254 petitions. Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004); see also Alexander v. Sec'y, Dep't of Corr., 523 F.3d 1291, 1294 (11th Cir. 2008) (a state court motion for post-conviction relief cannot toll the federal limitations period if that period has already expired). Jackson admits he did not pursue any post-conviction or other collateral remedies before filing his Section 2254 Petition. Thus, statutory tolling does not apply.

Additionally, Jackson is not entitled to equitable tolling of the statute of limitations. A petitioner seeking equitable tolling must establish "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way" which prevented him from timely filing his § 2254 petition. Lawrence v. Fla., 549 U.S. 327, 335 (2007) (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Equitable tolling is "an extraordinary remedy that must be applied sparingly[,]" and a petitioner must present a "truly extreme case." Holland v. Fla., 539 F.3d 1334, 1338 (11th Cir. 2008), *overruled on other grounds by* Holland v. Fla., 560 U.S. 631 (June 14, 2010). "'The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner.'" Id. (quoting Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002)).

Jackson's Petition reveals that he has not diligently pursued his claims. The only "impediment" that he raises for his failure to bring his claims earlier is his lack of legal knowledge. The Eleventh Circuit, however, has "not accepted a lack of a legal education and related confusion or ignorance about the law as excuses for a failure to file in a timely fashion." Perez v. Florida, 519 Fed. Appx. 995, 997 (11th Cir. 2013) (citing Rivers v. United States, 416 F.3d 1319, 1323 (11th Cir.2005)); see also, DeLeon v. State of Fla. Dep't of Corr., 470 F. App'x

732, 734 (11th Cir.2012) ("The lack of a legal education [and] the absence of legal counsel in this collateral context . . . do not excuse a failure to file a § 2254 petition in a timely fashion."); Outler v. United States, 485 F.3d 1273, 1283 n.4 (11th Cir.2007) ("[P]ro se litigants, like all others, are deemed to know of the one-year statute of limitations.")).

Thus, Jackson is not entitled to statutory or equitable tolling, and the patent untimeliness of his Petition provides another ground for dismissal.

### III. Denial of Leave to Appeal *In Forma Pauperis* and Certificate of Appealability

The Court should also deny Jackson leave to appeal *in forma pauperis,* and he should be denied a Certificate of Appealability ("COA"). Though Jackson has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Rule 11 of the Rules Governing Section 2254 cases provides that the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." See also, Thomas v. Crosby, 371 F.3d 782, 797 (11th Cir. 2004) (Tjoflat, J., specially concurring) ("A district court may *sua sponte* grant or deny a COA at the same time it rules on the merits of a habeas petition or rejects it on procedural grounds. This is arguably the best time for a district judge to decide this matter because the issues are still fresh in [the district court's] mind."); Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal); FED. R. APP. P. 24(a)(3) (trial court may certify that appeal is not take in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not

9

proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a certificate of appealability is issued. A certificate of appealability may issue only if the applicant makes a substantial showing of a denial of a constitutional right. The decision to issue a certificate of appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In order to obtain a certificate of appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El, 537 U.S. at 336.

Based on the above analysis of Jackson's Petition and applying the certificate of appealability standards set forth above, I see no discernable issues worthy of a certificate of appeal. Thus, the Court should **DENY** the issuance of a certificate of appealability. Furthermore, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Consequently, the Court should **DENY** Jackson *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, the Court **DENIES** Jackson's Motion to Proceed *In Forma Pauperis* (doc. 2). Additionally, I **RECOMMEND** that the Court **DISMISS** Jackson's Petition and **CLOSE** this case. I further **RECOMMEND** that the Court **DENY** Jackson a certificate of appealability and **DENY** him leave to proceed *in forma pauperis* on appeal.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. Objections are not the proper avenue to present new evidence or to raise arguments not previously made.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not

meeting the specificity requirement set out above will not be considered by a District Judge. The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon Johnson and Respondent.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 11th day of July, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA